UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                            :
SHRAVANTI REDDY,                            :    MEMORANDUM
                                            :    OPINION AND ORDER
                    Plaintiff,              :
                                            :    06 Civ. 5176 (SAS)
        - against -                         :
                                            :
THE SALVATION ARMY,                         :
                                            :
                    Defendant.              :
------------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

On July 21, 2008, this Court issued an Opinion and Order (the "July 21st Order")[1] granting in part and denying in part defendant's motion for summary judgment. To wit, plaintiff's discrimination claims were dismissed but her retaliation claims were not.[2] Plaintiff Shravanti Reddy now moves, and defendant, The Salvation Army ("TSA") cross-moves, for reconsideration of the July 21st Order under Rule 6.3 of the Local Rules of the United States District Courts for

---

[1] See Reddy v. The Salvation Army, No. 06 Civ. 5176, 2008 WL 2811828 (S.D.N.Y. July 21, 2008).

[2] Plaintiff brings claims of disparate treatment under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1965, New York Executive Law § 296, and New York City Administrative Code § 8-107. Plaintiff brings claims of unlawful retaliation under the same provisions.

the Southern and Eastern Districts of New York ("Local Civil Rule 6.3").[3]

Plaintiff seeks reconsideration of the dismissal of her discrimination claims on the ground that this Court did not address her termination as an adverse employment action which allegedly occurred under circumstances giving rise to an inference of discrimination.[4] Defendant cross-moves for reconsideration, seeking dismissal of plaintiff's retaliation claims on the ground that "The Salvation Army offered substantial evidence of the legitimate nondiscriminatory reason for [plaintiff's]

---

[3] Plaintiff filed her motion for reconsideration before I held a status conference on August 6, 2008. *See* 8/2/08 Motion and Notice of Motion for Reconsideration of the Portion of the Court's July 21, 2008 Opinion and Order Granting Defendant's Motion for Summary Judgment with Respect to Plaintiff's Claims of Race Discrimination. For unknown reasons, the Clerk of the Court did not send the July 21st Order to defendant electronically. After noticing that defendant had not yet received the July 21st Order by the time plaintiff filed her motion for reconsideration, plaintiff's attorney sent the Order to defendant via e-mail. Accordingly, with respect to defendant's cross-motion, this Court waived the ten-day limitations period otherwise applicable to motions for reconsideration. *See* 8/6/08 Transcript of Court Conference at 6-7.

[4] *See* Plaintiff's Memorandum of Law in Support of Her Motion for Reconsideration of the Portion of the Court's July 21, 2008 Opinion and Order Granting Defendant's Motion for Summary Judgment with Respect to Plaintiff's Claims(s) of Race Discrimination ("Pl. Mem.") at 1-2 ("Reconsideration is warranted because the Court's analysis overlooked the fact that Ms. Reddy's claims of discrimination only concerned the termination of her employment, which the Opinion does not address. Instead, the Opinion considers as examples of adverse employment action evidence of disparate treatment that Ms. Reddy relies upon to support her claims of discrimination. Because the Opinion does not address Ms. Reddy's actual claim of discrimination, reconsideration is warranted . . . . ").

termination that the Court overlooked in its analysis."[5] Defendant further argues that, in refusing to dismiss plaintiff's retaliation claims, this Court overlooked plaintiff's history and the full context of alleged statements made by Finance Director Harold Weaver to plaintiff and a co-worker, Anna Raksaney.[6] For the following reasons, plaintiff's motion and defendant's motion are denied.

## I. STANDARD OF REVIEW

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.[7] "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter

---

[5] Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration and in Support of Defendant's Cross-Motion for Reconsideration ("Def. Mem.") at 10.

[6] *Id.* at 7. To wit, plaintiff claims that on January 11, 2005, Weaver entered the office she shared with Raksaney, which Weaver referred to as "rebellious" and "seditious," and stated, *inter alia*, that the "Salvation Army tends to squash people who speak up." *Reddy*, 2008 WL 2811828, at *14 (quotation marks and citation omitted).

[7] *See Pattterson v. United States*, No. 04 Civ. 3170, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

the conclusion reached by the court."[8] Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[9]

Local Civil Rule 6.3 is narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court.[10] A motion for reconsideration is not a substitute for appeal.[11] Nor is it "a 'second bite at the apple' for a party dissatisfied with a court's ruling."[12] Accordingly, the moving party may not "advance new facts, issues or arguments not previously presented to the Court."[13]

---

[8] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *Accord Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (quotation marks and citation omitted).

[9] *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quotation marks and citation omitted).

[10] *See Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400 (2d Cir. 2000).

[11] *See RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F. Supp. 2d 292, 296 (S.D.N.Y. 2002).

[12] *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004).

[13] *Caribbean Trading and Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (quotation marks and citation omitted).

## II. DISCUSSION

### A. There Is No Evidence in Support of Plaintiff's Discrimination Claims

Plaintiff argues that reconsideration is warranted because this Court overlooked her termination in its analysis of her claims for disparate treatment. In particular, plaintiff states:

> The examples of disparate treatment raised by Ms. Reddy in her opposition papers did not represent the adverse employment action underlying Ms. Reddy's claims of discrimination. Rather, Ms. Reddy raised them as evidence in support of her efforts to establish the requisite inferences of discrimination called for by the test established by the Supreme Court in *McDonnell-Douglas*. In the Opinion, however, the Court treated Ms. Reddy's evidence as if they were the acts of adverse employment action underlying her discrimination claims to the exclusion of her actual claim of discrimination.[14]

The examples of disparate treatment referred to above include: extension of plaintiff's probationary period ("IEP"); TSA's breach of confidentiality regarding extension of plaintiff's IEP; undue criticism and hostility toward plaintiff by her supervisor, Sarah Goldstein; and the requirement that plaintiff complete daily time sheets.[15] This Court held that none of these allegations resulted in a materially

---

[14] Pl. Mem. at 5.

[15] *See Reddy*, 2008 WL 2811828, at * 10-13.

5

adverse change in the terms or conditions of plaintiff's employment.[16] With regard to the extension of plaintiff's IEP, this Court further held that "Reddy fails to offer any evidence suggesting that Goldstein extended her IEP under circumstances giving rise to an inference of discrimination."[17]

Plaintiff is correct, however, that this Court did not analyze the termination of her employment as an adverse employment action. But aside from this fact, plaintiff does not point to any evidence of discrimination overlooked by this Court in the July 21st Order. Plaintiff's examples of disparate treatment were dismissed because they did not constitute adverse employment actions and/or were non-discriminatory; *a fortiori*, there is no proof that her termination was motivated by discriminatory animus. However, in the interest of justice, this Court reconsidered the submissions of the parties in connection with TSA's motion for summary judgment. With the exception of the conclusory and self-serving January 7, 2005 e-mail,[18] there is simply no mention of discriminatory conduct by

---

[16] *See id.*

[17] *Id.* at *10.

[18] This e-mail, which was sent by Reddy to Dan Lockspeiser, then Director of Programs at TSA, states: "Since Ms. Goldstein has been acting as my supervisor as of April 2004, there have been several instances that suggest that she has behaved in a differential manner towards me in comparison to other employees This differential treatment warrants scrutiny and further investigation because *it*

6

TSA, much less sufficient evidence to support the claim that plaintiff was terminated because of her race and/or national origin. Furthermore, the January 7, 2005 e-mail, which merely recounts plaintiff's subjective feelings, does not rebut the legitimate, non-discriminatory reason offered by TSA for plaintiff's termination, namely, her insubordination.

In sum, this Court did not overlook any evidence of discrimination in connection with plaintiff's termination of employment. Accordingly, the sole effect of plaintiff's motion for reconsideration was to cause a further drain on scarce judicial resources. Although this Court advised plaintiff's counsel against pursuing such a technical argument at the August 6, 2008 conference, apparently this advice fell on deaf ears.

## B. There Is Evidence of Retaliation

Defendant's counsel does not fare much better in pressing TSA's argument that plaintiff's retaliation claims should be dismissed because this Court overlooked the "context" of Weaver's statements on January 11, 2005, two days

---

*may be based* on Ms. Goldstein's bias concerning my race and/or national origin. As you know such a bias, *if founded*, can constitute race and/or national origin discrimination, which is in violation of federal and state law and Salvation Army policy." 1/7/05 e-mail from Reddy to Lockspeiser, Ex. 11:3 of the Appendix of Exhibits in Support of Defendant's Motion for Summary Judgment (emphasis added).

7

before plaintiff was terminated. First of all, interpreting the context of a witness's statement is a quintessential function for a jury, not a court. Accordingly, defendant is grasping at straws when it argues that Weaver's statements were made to both Reddy and Raksany and, as such, referenced "a series of previous acts by Reddy and Raksany and not Reddy's isolated complaint about disparate treatment."[19]

Secondly, there is other evidence of retaliation in addition to the Weaver statements. As plaintiff points out in her opposition papers, "Peck specifically admitted that he factored into his decision to recommend Ms. Reddy's firing the fact that she had filed, in his opinion, a baseless claim of discrimination."[20] This argument is supported by Peck's deposition testimony, which follows:

> Q. When you met with Mr. Lockspeiser on January 10th, 2005 and discussed this [January 7, 2005] e-mail, were you thinking that it might have been appropriate to fire her at this time?
>
> A. That – probably I was, yes.
>
> Q. And the allegations in this e-mail played a role in

---

[19] Def. Mem. at 7.

[20] Plaintiff's Memorandum of Law in Opposition to Defendant's Cross-Motion for Reconsideration at 5.

8

>       your thoughts at that time?
>
> A.    Yes.
>
> Q.    Including the allegations of discrimination; is that
>       right?
>
> A.    Including the allegations.
>
> Q.    Yes?
>
> A.    Yes.[21]

Accordingly, there is clearly a genuine issue of fact as to whether retaliation played some role in the decision to terminate Reddy. As with plaintiff's motion, defendant's cross-motion also unnecessarily wasted this Court's time. Defendant's counsel is advised to refrain from reflexively cross-moving where there simply is no justification for doing so.

## III.  CONCLUSION

For the foregoing reasons, plaintiff's motion and defendant's cross-motion for reconsideration of the July 21st Order are denied. The Clerk of the Court is directed to close these motions [Documents # 54 and # 61]. The parties are reminded that the trial of this case has been scheduled for January 12, 2009,

---

[21] 2/15/08 Deposition of Alfred Peck, then Director of TSA's Social Services for Families and Adults, Ex. 4 to the Declaration of Scott A. Korenbaum, plaintiff's attorney, in Opposition to Defendant's Motion for Summary Judgment, at 286-87 (emphasis added).

and that all pretrial submissions are due by December 29, 2008.

SO ORDERED:

*[signature]*

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         October 27, 2008

## - Appearances -

**For Plaintiff:**

Scott A. Korenbaum, Esq.
111 Broadway, Suite 1305
New York, NY 10006
(212) 587-0018

Jill R. Shellow-Lavine, Esq.
Law Offices of Jill R. Shellow-Lavine
2537 Post Road
Southport, CT, CT 06890
(203) 258-1463

**For Defendant:**

Cindy E. Molloy, Esq.
Tratner, Molloy & Goodstein LLP
551 Fifth Avenue
New York, NY 10176
(212) 867-1100